960 F.2d 155
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Joseph L. DENNISON, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 91-3413.
 United States Court of Appeals, Federal Circuit.
 March 4, 1992.
 
 Before NIES, Chief Judge, and PLAGER and LOURIE, Circuit Judges.
 NIES, Chief Judge.
 
 DECISION
 
 1
 Joseph L. Dennison seeks review of the February 26, 1990, decision issued on remand in Docket No. CH08318710189-1, which became the final decision of the Merit Systems Protection Board when it denied review on May 22, 1991. The Board's decision upheld the Office of Personnel Management's (OPM's) determination that Dennison was not entitled to, inter alia, a waiver or compromise of the debt he owed to the government. We affirm.
 
 OPINION
 
 2
 From 1981-85, Dennison received a civil service annuity and workers compensation in violation of 5 U.S.C. § 8337(f) (1988) which prohibits such dual payments. In 1985, the government presented Dennison with a choice between the two benefits and he elected to receive the worker's compensation. OPM then notified Dennison of its intent to recover the amount of the overpayment by set-off against the workers compensation payments he had elected to receive. Dennison was also informed, inter alia, of his right to request equitable waiver or adjustment of the debt. See 5 U.S.C. § 8346(b) (1988); 5 C.F.R. § 831.1401 (1991). Ultimately, Dennison was denied such a waiver or adjustment by OPM, and that determination was affirmed by the Board.
 
 
 3
 This court must uphold a Board decision unless it is: (1) arbitrary, capricious, and abuse of discretion or otherwise not in accordance with law; (2) obtained without adherence to procedural laws, rules, or regulations; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 4
 Section 8346, in pertinent part, provides that recovery of payments may not be made when it "would be against equity and good conscience." Section 831.1401 of the regulations further states that, where a recipient is ineligible for such a waiver, "the individual is nevertheless entitled to an adjustment in the recovery schedule if he/she shows that it would cause him/her financial hardship to make payment at the rate scheduled."
 
 
 5
 At issue herein is whether the Board abused its discretion in (1) denying Dennison a waiver of his debt upon determining that collection of the debt would not be against "equity and good conscience," or (2) refusing to adjust Dennison's debt after determining that repayment would not cause him "financial hardship." See id.
 
 
 6
 With respect to the first issue, Dennison reiterates the argument made below to the administrative judge (AJ) that due to his diminished mental capacity, it would be unconscionable to collect the outstanding debt. However, Dennison fails to provide us with a basis for determining that the AJ abused his discretion in finding that while the circumstances surrounding Dennison's disability were unfortunate, they were not "so exceptional that they merit a complete waiver of his debt to the retirement fund." Remand Decision at 5.
 
 
 7
 As to the financial hardship issue, Dennison argues the AJ failed to understand the financial statement which Dennison submitted, and that properly interpreted the statement shows Dennison has "no balance of money over debts." The financial statement referred to by Dennison was included as an exhibit to a letter sent to the AJ, dated January 12, 1990. The exhibit contained conclusory data concerning Dennison's financial status. However, the record shows that the information submitted by Dennison was inadequate, and that, throughout the history of this case, Dennison was given ample opportunity to submit more meaningful evidence of his financial hardship.
 
 
 8
 For example, at the beginning of this dispute, OPM, in its December 12, 1986, determination, stated that Dennison had failed to return the Financial Resources Questionnaire sent to him in September 1986, and concluded, inter alia, that Dennison had not "presented evidence sufficient to establish that collection would be against equity and good conscience." On February 25, 1987, the AJ in his initial decision agreed with OPM's determination and stated: "The appellant failed to submit a financial resources questionnaire and his ability to repay the debt is unknown. In view of this lack of evidence and the appellant's failure to allege he would suffer financial hardship if he has to repay the debt, substantial evidence does not show that financial hardship constitutes a basis for a waiver in this case." Initial Decision at 4. The full Board subsequently vacated the initial decision and directed the AJ to, inter alia, assist Dennison in obtaining legal representation and to consider on remand, any evidence of Dennison's mental incompetence in order to determine whether Dennison was entitled to adjustment on grounds of financial hardship.
 
 
 9
 Following a December 19, 1989, conference held by the AJ on remand, Dennison sent a letter dated January 12, 1990, discussing his attempts to find legal representation, along with a "balance sheet" which provided the conclusory financial information at issue here. In a January 19, 1990, order, the AJ stated that Dennison had rejected the AJ's offer to assist him in obtaining pro bono legal representation, and that the AJ still had "very little information on [Dennison's] ability to repay his alleged debt to the retirement fund." Order at 2. The AJ also explained in great detail what information was needed. Finally, the AJ explicitly placed Dennison on notice by stating that, "any failure by the appellant to supply this financial information will result in a finding that he has not established that a waiver based on financial hardship is warranted." Id. To facilitate Dennison's submission of the necessary financial information, OPM forwarded to Dennison a copy of its current financial resources questionnaire and its publication, Policy Guidelines on the Disposition of Civil Service Retirement Overpayments. The record shows no additional information or explanation of Dennison's financial status was sent to the AJ.
 
 
 10
 The AJ, in his remand decision, first noted that Dennison had not completed the questionnaire and that Dennison did not specifically contend how he would encounter financial hardship if required to repay the debt. The AJ went on to state that the information provided earlier by Dennison "does not indicate that the appellant would encounter financial hardship if he is required to repay his debt to the retirement fund." Remand Decision at 3-4. In his petition for review by the Board, Dennison explained his failure to submit specific information on his financial status by stating that "the cases [the AJ] had sent with his letter of 1-19-90 discouraged me from submitting [a financial statement]."
 
 
 11
 The above review of the record, clearly demonstrates that the AJ did not abuse his discretion in determining that Dennison has failed to show repayment of the debt will cause him financial hardship. Nonetheless, we note that the determination of "financial hardship" under 5 C.F.R. § 1401, is an inquiry as to whether recovery of a debt would be "against equity and good conscience." 5 U.S.C. § 8346(b). Accordingly, future events such as increased medical costs may entitle Dennison to "an adjustment in the recovery schedule if [Dennison] shows that it would cause him ... financial hardship to make payment at the rate scheduled." 5 C.F.R. § 831.1401. At that time, Dennison could, of course, petition OPM for an adjustment in view of the different circumstances based on a detailed breakdown of the living expenses described in 5 C.F.R. § 831.1405.